McKenzie v. Shaffner.

J. T. McKENZIE & Co., in error, v. SHAFFNER & FIELDS.

PLEADING AND PRACTICE. *Set-off. Assignment. Trustee. Suit by.* Where the trustee under a deed of assignment brings suit against a debtor of the assignors, in their name, for his use, etc., no judgment can be had either against him or them, in favor of the defendant, for any excess he may be entitled to, under a plea of set-off to the action thus instituted, except for costs against the trustee and his surety on the prosecution bond.

FROM DAVIDSON.

Appeal from Circuit Court. NATHANIEL BAXTER, Judge.

W. G. & M. M. BRIEN, Jr., for plaintiff.

COLYAR and HUGHES for defendants.

McFARLAND, J., delivered the opinion of the court.

The firm of J. T. McKenzie & Co. failed in business, and made an assignment, for the benefit of creditors, to Thos. Robertson, including in the assignment debts due the firm. Under this assignment Robertson brought this action to recover an amount alleged to be due McKenzie & Co. from the defendants.

The summons, as amended, reads "to answer J. T. McKenzie & Co., for the use of Thos. Robertson, their trustee." The allegation is, "The plaintiff sues the

McKenzie *v.* Shaffner.

defendant," without naming the parties. It sets out the alleged indebtedness from the defendants to McKenzie & Co., and the assignment of McKenzie & Co. to Robertson.

The defendants pleaded *nil debit* payment, and further, that the plaintiffs were indebted to them in a much larger amount than the plaintiffs' demand, which they are ready and willing to set-off. To this there was "replication and issue" in brief.

The jury found for the defendants, and that the "plaintiff is indebted to the defendants in the sum of $415.05, as alleged in the plea of set-off. This finding was predicated upon proof that the defendants' account against McKenzie & Co. exceeded the just claim of the latter against them by this amount.

Upon this finding the court gave judgment "that the defendants recover of the plaintiff and David Plowman, his security on the prosecution bond, said sum of $415.05.

At a subsequent day of the term, the attention of the court being called to the matter, the judgment was corrected so as to read that the defendants recover the excess of $415.05, found by the jury, from McKenzie & Hiram, or Highman, as it appears in other parts of the record, it being shown in proof that they constituted the firm of McKenzie & Co.

The record shows that the plaintiff appealed and gave bond. The bond, however, appears to have been given by McKenzie & Highman. They also obtained a writ of error. It is manifest that the judgment against McKenzie & Highman for $415.05 is erroneous.

The plaintiff in the case was Robertson. He brought the suit, gave the bond for costs, and was the real plaintiff. His use of the name of McKenzie & Co. did not make them plaintiffs; in fact, the name of Highman, one of the parties against whom the judgment was rendered, does not appear on the record at all, except in the evidence. The defendants might properly rely upon a set-off to defeat the plaintiffs' demand, but could have no judgment for the excess; not against Robertson, for he owed them nothing; not against McKenzie, for they were not parties except nominally. The judgment should have been against the plaintiff Robertson and his securities for costs. Robertson has not prosecuted an appeal, and we, therefore, cannot determine the questions as to the merits of the conflicting claims.

The judgment against McKenzie & Co. will be reversed and vacated, and they will recover the costs of this court against the defendants in error.